**2023-1827**

## BRIEF OF APPELLANT

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**LOIS HARRIS**

Claimant-Appellant

**v.**

**DENIS MCDONOUGH,**
SECRETARY OF VETERANS AFFAIRS

Respondent-Appellee

APPEAL FROM
THE UNITED STATES COURT OF APPEALS FOR VETERAN CLAIMS
IN 21-6359, JUDGE MICHAEL P. ALLEN

**Kenneth H. Dojaquez, Esq.**
**Carpenter Chartered**
**P. O. Box 2099**
**Topeka, KS 66601**
**Email:Kenny@carpenterchartered.com**
**Attorney for Appellant**

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 28(a)(1) and 47.4, counsel for appellant certifies the following:

1.  The full name of every party or amicus represented by me is:

    Lois Harris.

2.  The name of the real party in interest, if different than that above is:

    None.

3.  The parent companies, subsidiaries, and affiliates that have issued shares to the public, of the party or amicus curiae represented by me are:

    None.

4.  The name of all law firms and the partners or associates that appeared for the party now represented by me expected to appeal in this Court are:

    Nicholas L. Phinney, Esq.

5.  The title and number of any cases known to counsel to be pending in this or any other court that will directly affect or be directly affected by this court's decision in the pending appeal:

    *Evans v. McDonough*, CAVC 21-1242

6.  Provide any information required under Fed. R. App. P. 26.1(b) and 26.1(c). Fed. Cir. R. 47.4(a)(6).

    None.

<u>August 28, 2023</u>　　　　　　　　　　<u>/s/ Kenneth H. Dojaquez</u>
Date　　　　　　　　　　　　　　　　　Kenneth H. Dojaquez

# Table of Contents

<u>Page</u>

Certificate of Interest..................................................................................i

Table of Authorities ................................................................................iii

Statement of Related Cases ............................................................... 1

Jurisdictional Statement........................................................................ 1

Statement of the Issues........................................................................ 2

Statement of the Case........................................................................... 2

    Nature of the Case............................................................................ 2

    Statement of Facts ........................................................................... 3

Summary of the Argument.................................................................. 9

Argument .................................................................................................. 11

   1.  Standard of review  ............................................................... 11

   2.  The correct analysis is only whether the explicit request for a TDIU rating was raised as part and parcel of a pending claim or appeal for a higher rating...... 12

Conclusion............................................................................................... 21

Certificate of Compliance................................................................. 22

# Table of Authorities

**CASES:**                                                                                      **Brief Page:**

*Clemons v. Shinseki*, 23 Vet.App. 1, 5 (2009)............................................................ 12-13

*Comer v. Peake*, 552 F.3d 1362 (Fed. Cir. 2009) ...............................................*in passim*

*Grimes v. McDonough*, 34 Vet.App. 84, 90 (2021)............................................13, 17, 20

*Murphy v. Wilkie*, 983 F.3d 1313, 1318 (Fed. Cir. 2020) ...................................*in passim*

*Norris v. West*, 12 Vet.App. 413, 420–21 (1999) ............................................................ 14

*Prenzler v. Derwinski*, 928 F.3d 392, 393 (Fed. Cir. 1991) ........................................... 11

*Rice v. Shinseki*, 22 Vet.App. 447, 453-454 (2009)...............................................*in passim*

*Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001)............................................*in passim*

**STATUTES:**

38 U.S.C. § 511(a) .......................................................................................................... 12

38 U.S.C. § 7104(a) ........................................................................................................ 12

38 U.S.C. § 7292(a) ...................................................................................................... 1, 11

38 U.S.C. § 7292(c) .......................................................................................................... 1

38 U.S.C. § 7292(e)(1).................................................................................................... 11

**REGULATIONS:**

38 C.F.R. § 3.155(d)(2) ............................................................................................. 18, 20

38 C.F.R. § 3.156(b) .............................................................................................10, 18, 20

38 C.F.R. § 3.2400(c)(2) .................................................................................................... 7

38 C.F.R. § 4.71a, DC 5055............................................................................................... 4

38 C.F.R. § 19.35 (2018) ................................................................................................... 5

38 C.F.R. § 20.904(a) ...................................................................................................... 17

38 C.F.R. § 20.904(b) ...................................................................................................... 17

## Statement of Related Cases

Pursuant to Fed. Cir. R. 47.5, counsel for Ms. Harris states that there have been no other appeals in this case, and that there are no related cases pending before this Court that would directly affect this Court's decision in this matter.

Counsel submits that the same or similar issues is currently pending before the Veterans Court in *Evans v. McDonough*, CAVC 21-1242.

## Jurisdictional Statement

In an August 2021 decision, the Board of Veterans' Appeals denied Veteran Harris' claim as to entitlement to additional compensation benefits based on an appeal of the proper effective date of an award of a total rating.  Mr. Harris appealed the decision to the Veterans Court filing his notice of appeal on September 24, 2021.  Unfortunately, Mr. Harris passed away on October 18, 2021.  The Veterans Court substituted Mrs. Harris into the appeal.

On January 23, 2023, the Veterans Court issued a single judge decision affirming the Board's decision.  This decision by the Veterans Court is final as judgment entered on February 14, 2023.  This Court has jurisdiction over Mrs. Harris' appeal under 38 U.S.C. §§ 7292(a) & (c).  The issues on appeal are entirely legal.

1

## Statement of the Issues

1. **Standard of Review.**

2. **The correct analysis is only whether the explicit request for a TDIU rating was raised as part and parcel of a pending claim or appeal for a higher rating**.

## Statement of the Case

<u>Nature of case</u>

This appeal asks this Court to review a Veterans Court's decision that applies a rule of law requiring a veteran to do more than explicitly request a TDIU rating, with a formal application on the form prescribed by the Secretary, in order to raise entitlement to a TDIU rating as part of a pending appeal.  Mr. Harris received a decision from the VA that assigned a particular rating for his service connected disabilities.  He appealed the assigned ratings to the Board, and while that appeal was pending, he asked the Board to also consider a TDIU rating with that appeal.  The Veterans Court's decision treated his request for a TDIU rating as a separate claim, instead of following this Court's precedent in *Comer v. Peake* and *Roberson v. Principi*, as well as its own precedent in *Rice v. Shinseki*.

<u>Course of proceedings and disposition below</u>

2

Mr. Harris received a decision from the VA in June 2020 that awarded a total disability compensation rating, and assigned a 2018 effective date. Mr. Harris appealed this decision to the Board, seeking an effective date corresponding with a then-pending 2013 claim seeking an higher rating for already service connected disability.

The Board determined that no earlier effective date is warranted because the first time evidence of unemployability was received by VA was in 2018. Mr. Harris appealed this decision to the Veterans Court. Mr. Harris passed away shortly after filing his appeal, and the Veterans Court substituted Mrs. Harris as appellant. On January 23, 2023, the Veterans Court affirmed the Board's decision.

Statement of Facts

Mr. Harris served in the United States Air Force from March 1962 until his honorable discharge in April 1970. Mr. Harris filed an original claim seeking compensation benefits for disability resulting from an injury to his lumbar spine, and disability resulting from a right knee meniscus injury he suffered during service. VA issued a decision in September 1970 finding service connection, but assigned noncompensable ratings for the lumbar spine and right knee. Appx11. Mr. Harris sought increased ratings for his right knee starting around 2006

3

culminating in an April 22, 2013, claim seeking a higher rating for his already service connected right knee.  Appx21 (Appx12-21).

VA issued an AOJ decision in February 2014 that determined that Mr. Harris' service connected right knee has worsened to the point of requiring a total joint replacement.  Appx22-23.  Pursuant to 38 C.F.R. § 4.71a, DC 5055, VA assigned a 100% rating from April 2013 (the date of the surgery) for 13 months. Thereafter, VA assigned a 30% minimum rating.  *Id.*  The notice letter clearly indicated that the claim under review was one for "increased service connected compensation received on April 22, 2013."  Appx24 (Appx24-29).

In March 2014 Mr. Harris also asked for an increased rating for his already service connected lumbar spine disability.  Appx30-31.  In May and June 2014, well within the one year time to appeal, Mr. Harris communicated disagreement with the decision on his right knee increased rating claim.  Appx32-35.  VA responded to these communications with a new decision in February 2015 that addressed the right knee and lumbar spine ratings.  Appx36-41.

In March 2015 Mr. Harris formally notified VA of his disagreement[1] with the "evaluation of" the lumbar spine and right knee.  Appx42.  VA sent a letter

---

[1] Curiously, the Board of Veterans' Appeals did not discuss or cite to this notice of disagreement, instead focusing on the letter attached to the NOD, which the Board called "correspondence."  Appx175.

acknowledging its receipt of the notice of disagreement.  Appx43-45.  VA issued a

statement of the case (SOC) in June 2016.  Appx46-76.  Mr. Harris timely

appealed the lumbar spine and right knee ratings to the Board.  Appx77[2].

    After several years of representation by the DAV service organization, Mr.

Harris hired a private attorney to represent him in January 2018.  Appx96-99.

His newly hired attorney requested a copy of Mr. Harris' records.  *Id.*  The AOJ

then certified[3] the two SOCs to the Board for Board review.  Appx100.  VA

notified Mr. Harris and his attorney that his appeal had been certified Appx102;

and the Board notified him that his appeal had been docketed.  Appx103.

    Mr. Harris' attorney immediately wrote the VA informing them that the

appeals decided in the two pending SOCs should include a request for a TDIU

"[a]s part of the Veteran's appeal for a higher rating."  Appx101.  This letter also

informed VA that a formal TDIU application would be forthcoming.  On April 16,

2018, Mr. Harris' attorney submitted the TDIU application to VA, and asked that

the TDIU rating be considered as "part and parcel of the pending appeal."

---

[2] In a separate claim stream, Mr. Harris sought additional compensation for his
service connected right hip disability in 2015.  After filing a NOD, VA issued a
SOC on this claim in October 2017.  Appx78 (78-93).  Mr. Harris also timely
appealed this claim to the Board.  Appx94-95.

[3] Certification is an administrative task done by the AOJ to ensure the record is
ready for Board review.  Once done, the VA will forward the records to the
Board in preparation of a decision on the appeal. *See* 38 C.F.R. § 19.35 (2018)

Appx104-107. Importantly, Mr. Harris listed his right knee, lumbar spine, right hip, and left knee as causing his unemployability. Appx105. He also told VA that these "disabilities affected full time employment" as early as 1995; and that he last worked in 2002. Appx105.

To the Board, he argued that the request for a TDIU rating was part of the appeal before the Board, and that entitlement arose as early as the 2013 claim that was then pending. Appx110 (Appx108-110). The Board issued a decision in October 2018 that granted a claim for vertigo, and remanded the increased rating claims. Appx111 (Appx111-120). Importantly, the Board remanded, and did not refer, the TDIU rating issue, explaining it was "inextricably-intertwined with the issues being remanded." Appx116.

On remand, the AOJ issued a July 2020 decision in response to the Board's remand order. Appx121 (Appx 121-125). In this decision, the AOJ awarded a TDIU rating, but assigned an April 2018 effective date. The decision explicitly assigned this rating because "[t]he medical evidence shows that due to your **knees and hip** you wouldn't be able to walk, sit or stand for long periods or lift over a certain weight." Appx124. A SSOC was issued, but failed to include the TDIU rating issue. Appx130-137. Notice of this SSOC was issued on July 8, 2020. App126-129.

6

Mr. Harris sought higher level review[4] of the TDIU rating issue, seeking an effective date based on the then-pending 2013 claim.  Appx138-140.  The Board, upon return of the other legacy claims, noted the AMA opt in, and its determination that it would not address the TDIU rating issue in that decision.  Appx144 (Appx141-162).

Meanwhile, the AOJ issued a decision in response to the higher level review request again denying an earlier effective date for the TDIU rating.  Appx163 (Appx163-167).  The decision favorably determined, though, that [a]lthough you noted that you last worked in 2002 and the medical evidence shows that due to your knees and hips you wouldn't be able to walk, sit or stand for long periods or lift over a certain weight, there is no evidence of an earlier application."  Appx166.

Mr. Harris submitted a notice of disagreement with the TDIU award in February 2021, again arguing that the law associates the request for a TDIU rating with the 2013 pending claim.  Appx168-169.  The Board issued a decision denying

---

[4] At this point, the decision to grant the TDIU rating was done within the AMA. The options in response to an AMA AOJ decision differ from those in the legacy. Mrs. Harris notes that VA authorizes a claimant to opt an issue into the AMA a claim that was previously in legacy.  38 C.F.R. § 3.2400(c)(2).  Although he did not check the box indicating he wanted to opt into the AMA, the VA accepted and processed his request for higher level review, and continued his claim under the AMA.  Therefore, we ask the Court to accept, as unchallenged, VA's processing of the 2013 claim in the AMA.

the appeal.  The Board reasoned that because he never asked for a TDIU rating until April 2018, and there was no evidence prior to 2018 that he wanted a TDIU rating, there was no basis for an earlier effective date.  Appx175-176 (Appx 170-181).  Specifically, the Board stated "if the Veteran had expressed an intent to file for TDIU prior to April 16, 2018, then he could prevail on the claim for an earlier effective date …." Appx176.

Mr. Harris appealed to the Veterans Court.  After his death, Mrs. Harris, as substituted appellant, reiterated the argument that "the issues of entitlement to higher ratings for the back, right knee, and right hip disorders remained open when the Veteran filed his TDIU application." Appx193 (Appx 182-197).  The Veterans Court affirmed the Board's decision.  The Veterans Court primarily determined that the Board's determination, that Mr. Harris had not requested a TDIU rating, nor was there "cogent evidence of unemployability, prior to April 2018, was not clearly erroneous.  Appx5-6 (Appx 2-7).  The Veterans Court also affirmed the Board's determination that Mr. Harris' difficulty with prolonged standing, sitting, and walking "did not render him unemployable." Appx5.  This appeal follows.

## Summary of the Argument

The Veterans Court committed several legal errors when it affirmed the Board's decision.  In each of them the Veterans Court relied on an incorrect rule of law, misapplied applicable rules of law, or failed to apply binding statutes or regulations.  However, at its heart, this appeal demonstrates the Veterans Court's failure to appreciate that cogent evidence of unemployability is not necessary so long as a veteran explicitly requests a TDIU rating while a claim or appeal is pending.

The undisputed facts demonstrate that Mr. Harris filed a claim in 2013 seeking higher ratings for his already service connected disabilities.  VA responded with a number of decisions, Mr. Harris appealed these decisions to the Board, and to the Board he asked for a TDIU rating as "part and parcel" of his pending claims for higher ratings.  The undisputed facts also show that the Board already determined the TDIU rating issue was part of the 2013 pending claim because it remanded the issue with the rating issues from the 2013 claim.  By remanding the TDIU rating issue, the Board recognized that it had jurisdiction over the TDIU rating issue, and it could not have jurisdiction if it was not within the scope of the 2013 claim before it.

The undisputed facts also show that Mr. Harris, when he asked for a TDIU rating, informed VA that he had been unable to work due to his service connected disabilities since 2002.  The Veterans Court also failed to correctly apply the law with respect to the scope of a claim.  This Court's precedent reinforces that the scope of a claim is informed by "the reasonable expectations in filing the claim and the evidence developed in processing that claim."  *See Murphy v. Wilkie*, 983 F.3d 1313, 1318 (Fed. Cir. 2020).

Furthermore, the Veterans Court's decision failed to correctly apply 38 C.F.R. § 3.156(b), and its mandate that "[n]ew and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed … will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period."  In *Rice v. Shinseki*, the Veterans Court relied upon § 3.156(b), and this Court's decisions in *Comer v. Peake* and *Roberson v. Principi* as the legal basis of its ruling that

> a request for TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but rather involves an attempt to obtain an appropriate rating for a disability or disabilities, either as part of the initial adjudication of a claim or, if a disability upon which entitlement to TDIU is based has already been found to be service connected, as part of a claim for increased compensation.

10

*See Rice v. Shinseki*, 22 Vet.App. 447, 453-454 (2009).

For these reasons, Mrs. Harris asks this Court to find that the Veterans Court's decision failed to correctly apply the law; and based on the undisputed facts, reverse the Veterans Court's decision and find that the request for a TDIU rating was within the scope of the 2013 pending claim. Mrs. Harris further asks for a remand order so that the Board can evaluate the evidence and make factual and legal findings as to whether entitlement has been proven.

## Argument

1. **Standard of Review.** This Court shall decide "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation … or any interpretation thereof … that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). This Court reviews legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.3d 392, 393 (Fed. Cir. 1991). If the decision of the Veterans Court is not in accordance of the law, this court has authority to modify, reverse, or remand the case as appropriate. 38 U.S.C. § 7292(e)(1).

Here, the Veterans Court relied upon an incorrect rule of law when it required cogent evidence of unemployability to raise entitlement to a TDIU rating prior to April 2018 in lieu of an explicit request for a TDIU rating while an appeal

11

was pending.  Mrs. Harris asks this Court to review the validity of the Veterans

Court's decision on the rule of law that it applied, where the correct rule of law

would have provided a different decision favorable to Mrs. Harris.  Therefore, this

Court has jurisdiction.

2.  **The correct analysis is only whether the explicit request for a TDIU**

**rating was raised as part and parcel of a pending claim or appeal for a**

**higher rating.**

"The Secretary shall decide all questions of law and fact necessary to a

decision by the Secretary under a law that affects the provision of benefits by the

Secretary to veterans …."  38 U.S.C. § 511(a).  Furthermore,

> All questions in a matter which under section 511(a) of this title is
> subject to decision by the Secretary shall be subject to one review on
> appeal to the Secretary. Final decisions on such appeals shall be made
> by the Board. Decisions of the Board **shall be based on the entire**
> **record in the proceeding and upon consideration of all**
> **evidence and material of record and applicable provisions of**
> **law and regulation**.

38 U.S.C. § 7104(a).  (Emphasis added).

The Veterans Court held "[a]lthough the RO has no duty to read the mind

of the claimant, the RO should construe a claim based on the reasonable

expectations of the non-expert, self-represented claimant and the evidence

developed in processing that claim." *Clemons v. Shinseki*, 23 Vet.App. 1, 5 (2009).

More recently, this Court considered the RO's obligations under *Clemons* to determine the scope of a claim in conjunction with case law on separate claims for separate diagnoses. *Murphy v. Wilkie*, 983 F.3d 1313 (Fed. Cir. 2020). There, this Court reiterated *Clemons'* holding, and held

> in accordance with the general pro-veteran canon, *Clemons* explains that the VA shall afford lenity to a veteran's filings that fail to enumerate precisely the disabilities included within the bounds of a claim. It further teaches that this goal is best accomplished by looking to the veteran's **reasonable expectations in filing the claim and the evidence developed in processing that claim**.

*Id*, at 1318. (Emphasis added). The Court concluded

> [t]hus, the proper inquiry for the VA in reviewing a pro se claimant's request [for benefits] is to determine what diagnoses, conditions, or illnesses can reasonably be understood as included in the request, this inquiry informed by, but not limited to, looking to what the particular veteran could have reasonably expected to have included in the filing of such a request and the evidence of record.

*Id*, at 1319.

> In *Grimes*, the Veterans Court relied on *Murphy* to reinforce that

> [w]hen viewed sympathetically, the veteran's filings and actions since July 2011 regarding his hearing problems and 'ear aches' related to in-service noise exposure and dental surgery reflect his intent to seek compensation for hyperacusis both as part of his original claims for service connection and the ensuing appeal of those claims.

*Grimes v. McDonough*, 34 Vet.App. 84, 90 (2021). What these cases teach us is that the scope of the claim must include any benefit entitlement reasonably raised

by: 1) what is put on the claim form or application; 2) what the evidence

developed demonstrates; and 3) what the veteran tells VA while that claim or

appeal is pending.

This is reinforced by the Veterans Court's holding in *Rice v. Shinseki*.  There,

the Veterans Court starts by reinforcing that "'[a] TDIU rating is not a basis for

an award of service connection. Rather, it is merely an alternate way to obtain a

total disability rating without being rated 100% disabled under the Rating

Schedule.'"  *See Rice*, 22 Vet.App., at 453; quoting *Norris v. West*, 12 Vet.App. 413,

420–21 (1999).  Then, relying on this Court's precedent, the Veterans Court held

> a request for TDIU, whether expressly raised by a veteran or
> reasonably raised by the record, is not a separate claim for benefits,
> but rather involves an attempt to obtain an appropriate rating for a
> disability or disabilities, either as part of the initial adjudication of a
> claim or, if a disability upon which entitlement to TDIU is based has
> already been found to be service connected, as part of a claim for
> increased compensation.

*Rice*, at 453-454.  What this means is that when the Veterans Court required Mr.

Harris to have had shown some evidence of unemployability prior to 2018 its

decision rested upon the wrong law.

The cases relied up by the *Rice* court clearly show the error made by the

Veterans Court in Mrs. Harris' appeal.  First, *Rice* cited to *Comer v. Peake*, 552

F.3d 1362 (Fed. Cir. 2009) and *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001).

14

In those cases, distinguished from this one, this Court considered whether the Board had an obligation to consider entitlement to a TDIU rating when the claimant **never explicitly asked for** one as part of a pending claim.  The holding in *Roberson* was in response to the Government's rejected argument that "because Roberson never specifically requested TDIU in his original claim, he cannot be considered to have filed a TDIU claim despite his submission of evidence regarding his unemployability."  *See Roberson*, at 1384; *see also id*, at 1381.  (Noting that the veteran had never explicitly requested a TDIU rating, but that the evidence reasonably raised entitlement).

Likewise, the holding in *Comer* was based on the clear fact that the veteran had never explicitly requested a TDIU rating.  In fact, this Court's holding noted

> [a]lthough he did not explicitly assert the right to a TDIU award for the period from February 26, 1999, to May 5, 2004, his **pro se appeal**, **which sought** an earlier effective date and **a higher disability rating** for PTSD benefits was sufficient, when coupled with the evidence showing his unemployability, to raise the issue of his entitlement to an earlier effective date for his TDIU award. Simply put, under *Roberson*, a claim to TDIU benefits is not a free-standing claim that must be pled with specificity; it is implicitly raised whenever a pro se veteran, who presents cogent evidence of unemployability, seeks to obtain a higher disability rating.

*See Comer*, at 1367.  (Emphasis added).  Mrs. Harris wishes to point out, at this stage, this Court's admonishment to the Government in *Comer*.  There, this Court reminds us all

15

> 'The government's interest in veterans cases is not that it shall win, but rather that justice shall be done, that all veterans so entitled receive the benefits due to them.' *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed.Cir.2006); *see also Jaquay*[*v. Principi*], 304 F.3d [1276,] 1280 [(Fed. Cir. 2002)]. ('Congress has created a paternalistic veterans' benefits system to care for those who served their country in uniform.'). The VA disability compensation system is not meant to be a trap for the unwary, or a stratagem to deny compensation to a veteran who has a valid claim, but who may be unaware of the various forms of compensation available to him.

*See Comer*, at 1369.

What's more, the holding in *Rice* did not even consider the same issues in *Roberson* or *Comer*.  Whereas these cases dealt with TDIU ratings that were never explicitly requested, the veteran in *Rice* actually asked for a TDIU rating as part of his appeal for a higher rating for his award of a disability rating.  *See Rice*, at 449.  (Noting Mr. Rice appealed the assigned rating and also requested a TDIU rating).  The Veterans Court recognized, relying on *Comer* and *Roberson*, that a specific request for a TDIU application was all that was needed to raise entitlement to a TDIU rating in conjunction with a pending appeal.  *Id*, at 453-454.

As recognized by the holding in *Rice*,

> [b]ecause Mr. Rice was challenging the [a] disability rating assigned for the disability upon which he based his assertion of unemployability […], the determination of whether he is entitled to TDIU, including the effective date for that award, is part and parcel of the determination of the initial rating for that disability.

*Id*, at 454-455.  This is what happened here.  Mr. Harris was provided a determination from VA that his right knee, lumbar spine, and right hip disabilities were rated a certain level of severity.  He appealed these rating to the Board, and while that appeal was pending, asked for a TDIU rating.  These facts are not in dispute.

As the procedural history clearly demonstrates, the Board, in a prior decision, remanded the TDIU rating issue as inextricably intertwined with the 2013 claim then before it.  Appx144.  A remand is appropriate only when the Board already has jurisdiction.  *Compare* 38 C.F.R. § 20.904(a) (Noting the Board will remand a claim properly within its jurisdiction) *with* 38 C.F.R. § 20.904(b). (Directing the Board to refer a claim reasonably raised "that ha[d] not been initially adjudicated by the agency of original jurisdiction"); *see also Grimes*, 34 Vet.App., at 91.  (Holding the Board remands claims under its jurisdiction and refers matters that are not).  As with *Rice*, although these case are not binding on this Court, they are instructive and correctly pronounce the law.  *See Murphy*, 983 F.3d, at 1318.

This result if further reinforced by the VA's own regulations.  First, any new and material evidence "received prior […] the appellate decision if a timely appeal has been filed […] will be considered as having been filed in connection with the

17

claim which was pending at the beginning of the appeal period." 38 C.F.R. §

3.156(b).  In fact, *Rice* relied upon this regulation to associate the claim for a TDIU

rating with Mr. Rice's claim for a higher the PTSD initial rating.  There the

Veterans Court observed

> pursuant to § 3.156(b), VA must consider any new and material evidence received during the one-year appeal period following an RO decision 'as having been filed in connection with the claim which was pending at the beginning of the appeal period.' 38 C.F.R. § 3.156(b). Consequently, if VA incorrectly describes evidence of TDIU as a new claim for increase, rather than as part of a pending claim for an initial rating, the veteran will be deprived of the benefit of the application of § 3.156(b) in determining any effective date.

*See Rice*, at 454.

Furthermore, the scope of the claim is defined by VA regulations to include

any ancillary benefits.  Specifically,

> [o]nce VA receives a complete claim, VA will adjudicate as part of the claim entitlement to any ancillary benefits that arise as a result of the adjudication decision […]. The claimant may, but need not, assert entitlement to ancillary benefits at the time the complete claim is filed. VA will also consider all lay and medical evidence of record in order to adjudicate entitlement to benefits for the claimed condition as well as entitlement to any additional benefits for complications of the claimed condition, including those identified by the rating criteria for that condition in 38 CFR Part 4, VA Schedule for Rating Disabilities.

38 C.F.R. § 3.155(d)(2).  This regulation recognizes that: 1) there are some

benefits that are ancillary to a claim; 2) that Part 4, used to rate disabilities, serves,

in part, as guidance for identifying these ancillary benefits; 3) entitlement to the

ancillary benefit need not be asserted with the claim; and 4) the Board is required to review the entire record to identify any and all ancillary benefits.

Finally, as noted above, this Court's case law, and that of the Veterans Court, informs us that when ascertaining the scope of a claim (to include whether a TDIU rating is part and parcel of the claim on appeal) the Board "shall afford lenity to a veteran's filings that fail to enumerate precisely the disabilities included within the bounds of a claim. It further teaches that this goal is best accomplished by looking to the veteran's reasonable expectations in filing the claim and the evidence developed in processing that claim." *See Murphy*, at 1318.

Mr. Harris reasonable expectation are no mystery. As soon as he hired a competent attorney, he immediately told the Board that the appeal then pending was to be construed as including a request for a TDIU rating. His attorney cited to *Rice* and demanded "the Veteran's pursuit of TDIU is not a new claim rather it is part and parcel of the pending appeal …." Appx104; *see also* Appx110 & Appx101.

Thus, the reasonable expectations of Mr. Harris were that when the Board reviewed his appeal of the 2013 claim, the Board would also consider a TDIU rating. Incredibly, the Board correctly did so in its first review when it remanded the TDIU rating as part of the 2013 claim. Appx144. Mrs. Harris wishes to

19

emphasize that she is not seeking review of any facts by this Court. Rather, her appeal asks the Court to review the Veterans Court's application of a rule of law that requires a veteran to do more than explicitly request a TDIU rating, by submitting a formal application for a TDIU rating, while an appeal of a higher rating is pending before the Board.

The case law is clear. Although the case law requires some evidence of unemployability in the record if a claimant never specifically requests a TDIU rating, when Mr. Harris asked for a TDIU rating as part of his appeal to the Board, the correct application of *Rice*; *Comer*; Roberson; §§ 3.155(d)(2) & 3.156(b); *Murphy*; and *Grimes* required the Veterans Court to treat the request for a TDIU rating as "part and parcel" of the ratings for the disabilities on appeal.

By requiring Mr. Harris to raise his request for a TDIU rating prior to 2018, the Veterans Court ignored the mandate of § 3.156(b) that the request for a TDIU rating "will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." Thus, Mrs. Harris ask this Court to find that the Veterans Court's decision did not correctly apply the binding statutes, regulations, and precedent. Its decision should be reversed, as the undisputed facts demonstrate that Mr. Harris raised his request for a TDIU rating with his 2013 pending claim, and further remand the appeal so that the

20

Board can make initial findings of fact and law with respect to entitlement to a

TDIU rating from as early as April 2013.  In the alternative, Mrs. Harris asks that

this Court at least vacate the Veterans Court's decision so that it can correctly

apply the law.

## Conclusion

For the reasons set forth above, Mrs. Harris respectfully requests that this

Court provide relief by reversing the Veterans Court decision; and finding Mr.

Harris's request for a TDIU rating was within the scope of the 2013 claim pending

at the time he requested it.

Respectfully submitted,

/s/ Kenneth H. Dojaquez, Esq.

_____

Kenneth H. Dojaquez, Esq.
Attorney for Appellant
Carpenter Chartered
P. O. Box 2099
Topeka, KS 6660
Telephone:  (785) 357-5251

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the type-volume limitation under Rule 32(a)(7)(B).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word, 14 point font.  The word processing system used to prepare this brief records 4,940 words in this brief.

Respectfully submitted,

/s/ Kenneth H. Dojaquez, Esq.

_____
Kenneth H. Dojaquez, Esq.
Attorney for Appellant
Carpenter Chartered
P. O. Box 2099
Topeka, KS 6660
Telephone:  (785) 357-5251

*Not Published*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No: 21-6359

LOIS HARRIS, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

## JUDGMENT

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: February 14, 2023

FOR THE COURT:

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Molly Atwell
Deputy Clerk

Copies to:

Nicholas L. Phinney, Esq.

VA General Counsel (027)

*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 21-6359

LOIS HARRIS, APPELLANT,

v.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before ALLEN, *Judge* .

## MEMORANDUM DECISION

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

ALLEN, *Judge*: Appellant Lois Harris is the surviving spouse of veteran Max Harris, who served the Nation honorably in the United States Air Force from March 1962 to April 1970.[1] In this appeal, which is timely and over which the Court has jurisdiction,[2] she appeals an August 3, 2021, Board of Veterans' Appeals decision that denied entitlement to an effective date before April 16, 2018, for a total disability rating based on individual unemployability (TDIU) and entitlement to an effective date before April 16, 2018, for dependents' educational assistance (DEA) benefits under chapter 35.[3] Because the Board provided an adequate statement of reasons or bases and its factual findings are not clearly wrong, we will affirm.

## I.  ANALYSIS

A TDIU rating is warranted when a veteran is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."[4] TDIU is raised as part of the issue

---

[1] Record (R.) at 2647.

[2] 38 U.S.C. §§ 7252(a), 7266(a).

[3] R. at 5-16.

[4] 38 C.F.R. § 4.16(a) (2022).

of the proper disability rating whenever there is "cogent evidence of unemployability, regardless of whether [the claimant] states specifically that he is seeking TDIU benefits."[5] An award of TDIU is essentially an award of an increased disability rating and is governed by the effective-date rules applicable to increased ratings.[6] An increased rating award will be effective the "[e]arliest date as of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred if a complete claim or intent to file a claim is received within 1 year from such date, otherwise, [the] date of receipt of claim."[7] In the TDIU context, this means that a total rating may be effective up to 1 year before the date VA received the claim if evidence indicates that, at some time during that year, the veteran became unemployable because of his service-connected conditions.[8]

A Board determination as to the proper effective date is a finding of fact that we will not overturn unless we conclude that the Board was clearly wrong in its determination.[9] A finding of fact is clearly erroneous when the Court, after reviewing the entire evidence, "is left with the definite and firm conviction that a mistake has been committed."[10]

The Board found that April 16, 2018, the date the veteran applied for TDIU, is the earliest possible effective date for the grant of TDIU because there was no express or implied claim for TDIU prior to that date, including as part of claims of entitlement to increased ratings.[11] Significantly, the Board also found that appellant failed to identify any cogent evidence of unemployability during the pendency of his increased rating claims, or in the year preceding April 16, 2018.[12] It acknowledged both a June 2014 report that appellant's right knee primarily affected the veteran when he sat in a car and rose from a chair, and a March 2015 report that he sought a 100% rating based on his overall combined rating (and not based on unemployability), but the Board found that neither communication demonstrated cogent evidence of unemployability.[13] The

---

[5] *See Comer v. Peake*, 552 F.3d 1362, 1366 (Fed. Cir. 2009); *Rice v. Shinseki*, 22 Vet.App. 447, 454-55 (2009).

[6] *See Norris v. West*, 12 Vet.App. 413, 420 (1999).

[7] 38 C.F.R. § 3.400(o)(2) (2022).

[8] *See Gaston v. Shinseki*, 605 F.3d 979, 982-84 (Fed. Cir. 2010).

[9] *Evans v. West*, 12 Vet.App. 396, 401 (1999).

[10] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[11] R. at 7.

[12] R. at 9.

[13] R. at 10-11 (citing R. at 1210, 1645).

Board also addressed hip, thigh, knee, back, and peripheral nerve DBQs from 2014 and 2015 and found that the examiners noted some functional impairment, including pain during prolonged walking, but that those notes only indicated a limited occupational impact while other examiners noted no impact at all on occupational functioning associated with service-connected disabilities.[14] The Board explained that although the veteran's symptoms may exhibit functional impairment or interfere to some degree with employment, an impact on employment is not tantamount to preclusion from employment in a substantially gainful occupation due to service-connected disabilities.[15]

Appellant argues that evidence of record demonstrates TDIU was raised prior to April 16, 2018, when the veteran filed his TDIU application.[16] She contends that the Board neither adequately addressed evidence showing that the veteran's service-connected back, knee, and hip disabilities affected his ability to sit and stand, nor explained why these limitations are not cogent evidence of unemployability.[17] She further asserts that these symptoms "seem to prevent [the veteran] from working in a sedentary job during the time in question[,]" and that the Board did not explain by which standard it was assessing whether the veteran could perform a sedentary job.[18] The Secretary responds that the Board provided an adequate statement of reasons or bases supporting its finding that appellant did not present cogent medical or lay evidence of unemployability before April 16, 2018, and that TDIU was neither explicitly nor implicitly raised before that date.[19] He maintains that appellant's argument amounts to a disagreement with the way the Board weighed the evidence and contends her argument is an attempt to interpret medical evidence that otherwise says nothing about unemployability.[20] He therefore urges affirmance of the Board's decision.

We agree with the Secretary. Appellant's argument is that the Board failed to explain why the veteran's difficulty in sitting, standing, and walking due to service-connected disabilities did

---

[14] *Id.* (citing R. at 1148, 1160, 1283, 1360).

[15] *Id.*

[16] *See* Appellant's Brief (Br.) at 6-10.

[17] *Id.* at 9-10.

[18] *Id.* at 7-8, 10.

[19] Secretary's Br. at 10-12.

[20] *Id.* at 12, 14-15.

not prevent him from working in a sedentary job during the time in question.[21] Appellant appears to proceed under the impression that difficulty with prolonged periods of standing, sitting, and walking categorically equates to cogent evidence of unemployability, but that is not so. The Board addressed the symptoms resulting from the veteran's service-connected hip, knee, and back conditions and found they only caused limited impacts on his occupational functioning. In other words, the Board consciously performed its role as a factfinder and concluded that the veteran's service-connected conditions did not render him unemployable. We cannot overturn that factual finding without a definite and firm conviction that a mistake has been made and we don't have one here.[22] In other words, we reject appellant's invitation to step into the Board's shoes as the factfinder.

We also find no merit in appellant's argument that the Board erred to the extent it did not expressly address a February 2013 complaint of constant low back pain at a level of 8 on a 10-point scale that increased with sitting; February 2014 complaints that activity and bending increased his low back pain; and November 2017 complaints of constant pain in numerous joints and pain that shot from the veteran's hip to his knees when he rose from a sitting position. The Board need not discuss every piece of evidence in the record and we assume that the Board has considered evidence even when it does not expressly mention it.[23] As we discussed above, the Board adequately explained why it concluded that the evidence did not satisfy the "cogent evidence of unemployability" standard. And appellant does not establish that the evidence she asserts the Board overlooked is cogent evidence of unemployability before April 16, 2018, such that the Board was required to address it. Though this evidence describes symptoms of the veteran's service-connected disabilities before April 16, 2018, it is not substantially different than the evidence of symptoms during that period that the Board explicitly discussed.[24] Because the Board explained that the veteran's difficulty standing, sitting, and walking did not preclude substantially

---

[21] Appellant's Br. at 7-8, 10.

[22] *See U.S. Gypsum Co.*, 333 U.S. at 395; *Evans*, 12 Vet.App. at 401.

[23] Appellant's Br. at 7-8; *see Gonzales v. West*, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

[24] R. at 9, 11 (citing R. at 1645 (June 2014 report of limited motion that primarily affected the veteran when he was sitting or riding in a car, rising from a chair, and moving similarly), 1366, 1377 (Dec. 2014 back and knee DBQs noting no impact on occupational functioning due to service-connected disabilities), 1290 (Jan. 2015 hip and thigh DBQ noting no impact on occupational functioning due to service-connected disabilities), 1148, 1160 (Nov. 2015 hip and knee DBQs noting difficulty with prolonged walking)).

gainful employment, and because appellant does not establish otherwise, the Board's analysis sufficiently explains its legal and factual findings and facilitates judicial review.[25]

Appellant also argues that the Board failed to define the phrase "sedentary employment" or describe the standard it used to assess whether the veteran could perform a sedentary occupation.[26] As with her other arguments, we are not persuaded. The Secretary correctly notes that the Board did not need to reach the question of whether the veteran could perform sedentary work because it found no cogent evidence of unemployability before April 16, 2018.[27] If, for example and counterfactually, the record demonstrated cogent evidence of unemployability before April 2018, it would have been appropriate for the Board to assess whether that evidence demonstrated the inability to perform the mental and physical acts required to secure and follow substantially gainful employment due to service-connected disabilities, sedentary or not. Without that cogent evidence, the Board did not err by failing to provide a standard by which to assess whether appellant could perform sedentary work during that period.

Finally, dependents of a veteran are eligible for education assistance when the veteran, as a result of qualifying service, has a total disability rating permanent in nature resulting from a service-connected disability.[28] Because DEA benefits turn on whether the veteran has a total disability rating, the effective date of any DEA award is linked to the effective date of the underlying total disability rating.[29] Because the Board's finding that the earliest effective date for veteran's TDIU was April 16, 2018, is not clearly wrong, and considering that the Board provided an adequate statement of reasons or bases for its findings, there is no clear error in its conclusion that earliest effective date for DEA benefits is also April 16, 2018.

## II. CONCLUSION

After consideration of the parties' briefs, the governing law, and the record, the Court AFFIRMS the August 3, 2021, Board decision.

---

[25] *See Martinez-Bodon v. Wilkie*, 32 Vet.App. 393, 397 (2020).

[26] Appellant's Br. at 9-10.

[27] Secretary's Br. at 15.

[28] 38 U.S.C. §§ 3501(a)(1), 3510.

[29] *Id.*

DATED: January 23, 2023

Copies to:

Nicholas L. Phinney, Esq.

VA General Counsel (027)